UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF THOMAS E. PHELPS by Julie Maloy special administratrix of the Estate of Thomas E. Phelps,<br>    Plaintiffs,<br><br>v.<br><br>JOHN A. WINTERS, FRONTIER NORTH INC., FRONTIER COMMUNICATIONS CORPORATION, DOES 1 THROUGH XX, ROE BUSINESS ENTITIES I THROUGH XX,<br>    Defendants. | CAUSE NO.: 1:17-CV-449-TLS-PRC |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Defendants invoked this Court's diversity jurisdiction by removing this litigation from state court to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

With respect to the citizenship of Plaintiff, under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (noting that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *accord Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009).

The citizenship of an individual is determined by his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir.

2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

The Complaint alleges that the deceased, Thomas E. Phelps, was a "resident" of Indiana at the time of his death. The Notice of Removal similarly alleges that "Plaintiff is an individual who resided in" Indiana. Thus, Defendants must advise the Court of the domicile of Thomas E. Phelps in order to establish the citizenship of Plaintiff.

Similarly, as to Defendant John A. Winters, who is deceased, the Notice of Removal alleges only that John A. Winters was a "resident" of Ohio at the time of his death and at all times relevant to this action, which is insufficient. Defendant must advise the Court of Defendant John A. Winters' domicile to establish his citizenship.

Therefore, the Court **ORDERS** Defendants to **FILE**, on or before **November 15, 2017**, a supplemental jurisdictional statement curing the deficiencies noted above.

SO ORDERED this 1st day of November, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT