# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ESTATE OF THOMAS E. PHELPS by Julie Maloy, Special Administratrix of the Estate of Thomas Phelps, deceased, <br>       Plaintiff, <br><br> v. <br><br> JOHN A. WINTERS, FRONTIER NORTH, INC., FRONTIER COMMUNICATIONS CORPORATION, DOES I through XX, inclusive and ROE Business Entities I through XX, <br>       Defendants. | CAUSE NO.: 1:17-CV-449-PRC |

## OPINION AND ORDER

This matter is before the Court on the Motion of Erica Book to Intervene of Right or, in the Alternative, Permissively [DE 31], filed by Erica Book on September 7, 2018. On September 20, 2018, Plaintiff Estate of Thomas E. Phelps by Julie Maloy, Special Administratrix of the Estate of Thomas Phelps, deceased ("Plaintiff") filed a response, and, on September 27, 2018, Erica Book filed a reply. This matter is also before the Court on a Supplemental Motion of Erica Book to Intervene of Right or, in the Alternative, Permissively [DE 36], filed at the direction of the Court on October 24, 2018. Plaintiff filed a response to the supplemental motion on November 7, 2018. Erica Book did not file a reply in support of the supplemental motion, and the time to do so has passed. For the reasons set forth below, the Court denies Erica Book's request to intervene.

## PROCEDURAL BACKGROUND

On September 7, 2018, Erica Book filed the instant Motion to Intervene. However, she did not attach the proposed intervenor pleading as required by Federal Rule of Civil Procedure 24(c). Accordingly, on October 17, 2018, the Court took under advisement the Motion to Intervene and ordered Erica Book to file on or before October 24, 2018, a supplemental motion, attaching the

proposed intervenor pleading as an exhibit. The Court cautioned that failure to do so may result in the denial of the Motion to Intervene. The Court further set deadlines for a response to and a reply in support of the supplemental motion. As noted above, Book filed the supplemental motion on October 24, 2018, with a proposed intervenor pleading as an exhibit.

**FACTUAL BACKGROUND**[1]

Thomas E. Phelps and Erica Book were married on October 19, 2013. As of January 28, 2015, Erica Book was no longer living in the marital home; the parties dispute the reason for Book's departure. The parties also dispute where Erica Book was living once she was no longer living in the marital home. On February 17, 2015, Erica Book filed for divorce from Thomas E. Phelps in the Steuben County Circuit Court, and the final hearing was set for December 1, 2015.

On October 29, 2015, Thomas E. Phelps was killed by a driver of a Frontier semi-truck.

Erica Book has one child with Thomas E. Phelps, K.P., who was a minor and dependent of Erica Book at the time of Thomas E. Phelps' death. Phelps was survived by one other dependent child and two adult non-dependent children. Thomas E. Phelps died without a will.

On October 29, 2015, Erica Book drafted the initial estate documents and signed to be the administrator of the wrongful death action. On October 30, 2015, Attorneys John Haecker and John Grimm filed the initial estate documents, which were granted the same day.

On October 30, 2015, an Emergency Motion was filed in the estate by a majority of Thomas E. Phelps' heirs, requesting that Thomas E. Phelps' mother, Julie Maloy, be appointed the administrator of the estate and the administrator of the wrongful death action. *See* (ECF 32, Ex. F (Ex. L)).

---

[1] The Court has only included those background facts that are supported by evidence of record or that appear to be undisputed. To the extent that the parties have identified a disputed fact, the Court has noted the dispute.

On November 2, 2015, the Steuben County Circuit Court removed Erica Book as personal representative on the basis that divorce proceedings were pending on the date of Thomas E. Phelps' death, and the court appointed Julie Maloy as personal representative of the estate. *See* (ECF 32, Ex. G) (citing Ind. Code § 29-1-7-4(e)).

On August 26, 2016, Erica Book retained attorney Michael Yoder, and Attorneys Haecker and Grimm withdrew their appearances on August 31, 2016. On November 4, 2016, Attorney Yoder withdrew his appearance as well.

On November 28, 2016, Erica Book signed an Estate Settlement Agreement regarding the distribution of estate assets. *See* (ECF 32, Ex. A).

Beginning in January 2017, the law firm of Ernsberger & Helmer, Attorneys at Law, P.C. ("Ernsberger law firm") represented Erica Book in a guardianship proceeding in the Steuben County Circuit Court involving K.P., Book's minor daughter with Thomas E. Phelps. *See* (ECF 31, Ex. 1) (docket sheet for In Re: The Guardianship of K.P., Cause Number 76C01-1701-GU-000002).

Beginning in July 2017, the Ernsberger law firm represented Erica Book with respect to a paternity case regarding her other minor child, K.B., who is not the child of Thomas E. Phelps, in the Steuben County Circuit Court. *See* (ECF 31, Ex. 2) (docket sheet for In the Matter of the Paternity of K.B., a minor child, Cause Number 76C01-1606-JP-000162).

Erica Book represents in her motion, without supporting evidence, that, since April 2017, she has believed that the Ernsberger law firm was representing her interests in the wrongful death action because she had meetings and phone calls with the law firm regarding mediation and settlement of the wrongful death case.

On May 1, 2017, the Ernsberger law firm sent a letter to defense counsel Tracy Knox with an offer to settle this wrongful death case, proposing that Erica Book receive $500,000.00 of the wrongful death proceeds and that Thomas E. Phelps' four children divide $12 million equally. *See* (ECF 31, Ex. 3).

On October 6, 2017, the wrongful death action was filed in the Steuben County Circuit Court. Defendants removed the case to this Court based on diversity jurisdiction on October 30, 2017.

The Ernsberger law firm represents Plaintiff Julie Maloy, as administrator, in this lawsuit.

A February 28, 2018 letter from the Ernsberger law firm to Erica Book informs Book of a mediation in the wrongful death litigation to be held on April 3, 2018, invites Book to attend the mediation, and requests that Book make an appointment with attorney Marylyn Ernsberger to discuss, among other things, "what you would like to settle for at mediation." (ECF 31, Ex. 4). Plaintiff represents that, at the April 3, 2018 early mediation, Defendants offered $500,000.00, as the excess carrier was not present. Attorney Bryan Lewis of the Ernsberger law firm told Erica Book about the mediation and the future process of the case. *See* (ECF 32, Ex. B).

On July 25, 2018, Erica Book wrote a letter to the Ernsberger law firm, asking that their attorneys withdraw any appearances on her or her daughter's behalf, including in the instant wrongful death action. (ECF 32, Ex. C). On July 26, 2018, in a letter to Erica Book, Attorney Lewis explained that the law firm only represents the administrator in the wrongful death action (and not Book) and acknowledged that Attorney Ernsberger would withdraw her appearance from the state court paternity action. Attorney Lewis also clarified that Erica Book was not permitted to serve as administrator in the estate or the wrongful death lawsuit.

On July 26, 2018, at Erica Book's request, the Ernsberger law firm filed motions to withdraw attorney appearances in the pending guardianship and paternity matters in the Steuben County Circuit Court. *See* (ECF 31, Exs. 6, 7). Both motions were granted on July 30, 2018.

On July 26, 2018, Attorney Allen R. Stout, representing Erica Book with respect to the pending estate and Book's interests in this wrongful death case, sent a letter to Attorney Marylyn Ernsberger. (ECF 31, Ex. 5). On July 31, 2018, Attorney Lewis responded, clarifying that Erica Book never retained the Ernsberger law firm in relation to the estate or the wrongful death action. (ECF 32, Ex. D).

On July 27, 2018, the Steuben County Circuit Court granted a request by Erica Book for her to receive notice of all hearings and other information and materials and ordered Julie Maloy to provide Book's attorney with copies of all pleadings, motions, memoranda in support of or in response to any motion, communications, settlement offers, expert reports, discovery, notices of depositions, depositions, and all court orders in the instant wrongful death case. *See* (ECF 31, Ex. 8). Book represents in the instant motion that Julie Maloy has not complied with that order, and Book intends to file a motion for rule to show cause in the Steuben County Circuit Court. On October 31, 2018, counsel for Plaintiff produced to Erica Book's attorney all pleadings and discovery in this wrongful death lawsuit and disclosed two experts. *See* (ECF 38, Exs. A, B).

On August 3, 2018, a teleconference was held with Erica Book's attorneys and counsel for Plaintiff. The parties dispute to some extent the content of that discussion.

On August 21, 2018, Erica Book filed with the Steuben County Circuit Court a Petition of Interested Person Erica Book to Remove the Special Administrator and her Counsel, arguing that Plaintiff Julie Maloy, as special administrator, is not managing the wrongful death case properly,

5

is attempting to cut Erica Book out of her lawful share of the wrongful death proceeds, and has a conflict of interest in that Plaintiff's attorney was also Erica Book's attorney and is taking positions adverse to Erica Book's interests. (ECF 31, Ex. 9). Erica Book represents that a hearing was scheduled for October 4, 2018, on that motion.

## ANALYSIS

Movant Erica Book asks the Court to allow her to intervene in this action, citing Federal Rules of Civil Procedure 24(a) and 24(b). Erica Book seeks to intervene because she is concerned about the handling of the wrongful death claim and she believes that she is entitled to one-half of the net proceeds of the wrongful death action and that K.P., her daughter with Thomas E. Phelps, is entitled to one-fourth of the net proceeds of the wrongful death action. Erica Book is also concerned that her former attorneys from the Ernsberger law firm are taking positions adverse to her based on information they obtained by virtue of their representation of her in the guardianship and paternity matters in Steuben County Circuit Court. Plaintiff Estate of Thomas E. Phelps by Julie Maloy, Special Administratrix of the Estate of Thomas E. Phelps, deceased objects on the basis that Erica Book's proposed Intervenor Complaint does not state a cause of action, claim, or defense in the instant wrongful death lawsuit.

First, the Court considers intervention of right under Federal Rule of Civil Procedure 24(a), which provides:

> On timely motion, the court must permit anyone to intervene who:
>
> **(1)** is given an unconditional right to intervene by a federal statute; or
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). A proposed intervenor must satisfy four requirements before intervention of right is allowed: "(1) the application must be timely; (2) the applicant must have a direct and substantial interest in the subject matter of the litigation; (3) the applicant's interest must be impaired by disposition of the action without the applicant's involvement; and (4) the applicant's interest must not be represented adequately by one of the existing parties to the action." *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (citing Fed. R. Civ. P. 24(a)(2); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir. 1985)); *see also Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657-58 (7th Cir. 2013); *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003) (citing *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001)); *Newsome v. Madison Cty., Illinois*, No. 3:16-CV-1103, 2017 WL 2704120, at *1 (S.D. Ill. June 6, 2017), report and recommendation adopted, No. 16-CV-1103, 2017 WL 2687989 (S.D. Ill. June 22, 2017). The burden of proving each element is on the movant, and the failure to establish any one element requires denial of the motion to intervene. *BDO Seidman*, 337 F.3d at 808; *Keith*, 764 F.2d at 1268.

As to the second element that the movant "have a direct and substantial interest in the subject matter of the litigation," the Seventh Circuit Court of Appeals has held that a proposed intervenor "must demonstrate a direct, significant and legally protectable interest in the lawsuit." *Keith*, 764 F.2d at 1268; *see also BDO Seidman*, 337 F.3d at 808 (quoting *Sec. Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377, 1380 (7th Cir. 1995)). And, the "interest must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit." *Id*. (citing *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir. 1982)). Moreover, the "interest must be so direct that the applicant would have 'a right to maintain a claim for the relief sought.'" *Id*. (quoting *Heyman v.*

*Exchange Nat'l Bank of Chi.*, 615 F.2d 1190, 1193 (7th Cir.1980)). It is not enough to have an "economic interest" in the outcome. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009).

Erica Book attempts to show that she has an interest related to the subject of this action as a beneficiary under the Indiana Wrongful Death Statute and the Indiana law of intestate succession, asserting that she is entitled to one-half of the net proceeds of this wrongful death claim and that the two dependent children are entitled to equal shares of the other half (or twenty-five percent each) of the net proceeds. (ECF 31, p. 2) (citing Ind. Code § 29-1-2-1). However, only the decedent's personal representative may bring a lawsuit under the Indiana Wrongful Death Statute. *See* Ind. Code § 34-23-1-1; *Hutman v. Hutman*, 705 N.E.2d 1060, 1063 (Ind. Ct. App. 1999); *Flock v. Snider*, 700 N.E.2d 466, 469 (Ind. Ct. App. 1998); *South v. White River Farm Bureau Co-op*, 639 N.E.2d 671, 673 (Ind. Ct. App. 1994); *In re Greenwood Air Crash*, 161 F.R.D. 387, 394 (N.D. Ind. 1995). Erica Book was removed as personal representative of the estate on November 2, 2015.

Therefore, because Erica Book herself could not bring a wrongful death lawsuit based on Thomas E. Phelps' death, she cannot intervene in this action because her beneficiary status, without more, is insufficient to establish that she has a "direct, significant, legally protectable interest." *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982); *see also Newsome*, 2017 WL 2704120, at *1 (denying a motion to intervene on the basis that the movant, a beneficiary under the Illinois Wrongful Death Act, did not have a direct, significant, legally protectable interest in the litigation because he did not have the right to bring a separate cause of action on his own behalf).

Erica Book's only legal analysis is a general restatement of the elements of Rule 24(a) and her assertion that she is a beneficiary pursuant to the Indiana Wrongful Death Act. She cites no case

law under the standard for intervention of right established by the Seventh Circuit Court of Appeals to support her contention that she has a direct, significant, legally protectable claim based on her status as a beneficiary. Because Book has not demonstrated the requisite direct and substantial interest in the subject matter of this litigation, the Court need not address the other elements of intervention of right under Rule 24(a).

Turning to permissive intervention, Federal Rule of Civil Procedure 24(b) provides:

**(1) *In General.*** On timely motion, the court may permit anyone to intervene who:

**(A)** is given a conditional right to intervene by a federal statute; or

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1). Before a court may exercise its discretionary power to grant intervention, "the proposed intervenor must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction." *Schipporeit*, 69 F.3d at 1381 (citing *Reedsburg Bank v. Apollo*, 508 F.2d 995, 1000 (7th Cir. 1975)); *see also Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007) (citing *Schipporeit*, 69 F.3d at 1381).

As with her request for intervention of right, Erica Books seeks permissive intervention on the basis that she has a "claim" for half of the net proceeds of this wrongful death claim and that her daughter has a "claim" for a quarter of the net proceeds of this wrongful death claim. More specifically, Book argues that her "claim" for recovery of damages for her deceased husband's death caused by the alleged negligence of Defendants shares all questions of law and fact with the instant case. However, as set forth above, because Book is not the personal representative of the estate, she may not bring a claim to recover damages for her husband's death under the Indiana Wrongful Death

Statute. Thus, because Book has not demonstrated that she has her own claim with independent jurisdiction, the Court denies the request for permissive intervention.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion of Erica Book to Intervene of Right or, in the Alternative, Permissively [DE 31] and **DENIES** the Supplemental Motion of Erica Book to Intervene of Right or, in the Alternative, Permissively [DE 36].

SO ORDERED this 5th day of December, 2018.

                                  s/ Paul R. Cherry
                                  MAGISTRATE JUDGE PAUL R. CHERRY
                                  UNITED STATES DISTRICT COURT